UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SAMUEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-00428-JMS-MJD |
| | ) | |
| K. BLACKMAN, | ) | |
| N. DUGGER, T. GOFF, | ) | |
| SGT. L. MYERS, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Defendants' Motion for Summary Judgment,
Granting Motion for Clarification,
And Directing Entry of Final Judgment**

Plaintiff Samuel Davis, an Indiana inmate who at all relevant times was incarcerated at the Wabash Valley Correctional Facility ("WVCF"), brought this action against defendants who are all correctional officers at WVCF. Mr. Davis alleges that on June 16, 2016, defendants Blackman, Dugger, Goff, and Myers violated his Eighth Amendment rights by pushing him into the corner of his bed, bending his wrist, and closing a cell door on him causing him to be pinned in the doorframe. All four defendants move for summary judgment asserting that Mr. Davis failed to exhaust his administrative remedies before bringing this suit. The parties have each submitted multiple briefs and exhibits in support of their respective positions. For the reasons explained in this Entry, defendants' motion for summary judgment, dkt. [33], is **granted**. Plaintiff's December 7, 2017, motion for clarification, dkt. [73], is **granted** to the extent the arguments presented were considered by the Court in addressing the motion for summary judgment.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The exhaustion requirement "is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

II. Background

The Court begins by discussing the administrative remedy process in effect at WVCF during the relevant time. This will be followed by a summary of the evidence presented by defendants and, in turn, Mr. Davis.

The Indiana Department of Correction ("IDOC") has an Offender Grievance Process ("OGP") through which inmates, including those at WVCF, can grieve issues related to their conditions of confinement, such as the claims at issue here. The OGP in effect at all times relevant to this action consisted of three stages: the informal grievance stage, the filing of a formal grievance, and the filing of a grievance appeal. The OGP is complete, and all administrative remedies are fully exhausted, once the inmate has received a response to his grievance appeal.

Defendants submit the majority of their evidence through the affidavit of Teresa Littlejohn, the WVCF Grievance Specialist. Ms. Littlejohn was responsible for entering offender grievances and responses into the IDOC's grievance tracking system and is the custodian of grievance records at WVCF. She reviewed the grievance records for Mr. Davis while he was incarcerated at WVCF beginning on May 17, 2013. Dkt. 33-1, ¶ 14.

According to Ms. Littlejohn, the records reveal that Mr. Davis filed two grievances at WVCF concerning being assaulted by staff. These grievances were assigned numbers 92991 and 92992. The first grievance alleged that Corrections Officer Sgt. Donaldson grabbed Mr. Davis by the shoulder on June 22, 2016. Dkt. 33, attachments 4-7. The second grievance, number 92992, concerns an allegation that Sgt. Donaldson and Officer Miller closed a cell door on Mr. Davis's arm on July 6, 2016. Dkt. 33-8. In this grievance, after Mr. Davis describes what happened on July 6, 2016, he adds a final sentence: "Also, I would like for you to view and save video for G-Unit on 7-16-2016 [sic] from 7:40 a.m. on." *Id.* Ms. Littlejohn notes that she issued Mr. Davis

a blank formal appeal form, pre-marked with grievance number 92992, for his use in appealing the matter. However, Ms. Littlejohn states that Mr. Davis never appealed. Dkt. 33-1, ¶¶ 24-25.

Mr. Davis in response contends he has attempted to grieve the issue. He provides an informal grievance form dated June 29, 2016, sufficiently describing the date and time of the incident giving rise to this lawsuit. Dkt. 47-1, p. 1. He does not name specific officers, but described them as "all the officers that came to G-Unit on June 16th, 2016, between 8:45 p.m. and 9:30 p.m." *Id.* The informal grievance form also contains a description of Mr. Davis's claim: "They assaulted me after they cuffed my hand behind my back." *Id.* Mr. Davis also submitted a response to this informal grievance, on which Lt. C. Nicholson wrote that the video was saved and the incident documented. Mr. Davis signed this response, checking the box indicating his disagreement, on June 30, 2016. Dkt. 47-1, p. 2.

Next, Mr. Davis submits an offender grievance form, dated July 12, 2016, in which he describes the alleged June 16 assault by staff, but not specifically naming the officers. Dkt. 47-1, pp. 3-4. Much of this grievance is about medical issues, but there is ample description of the assault allegations. In the form section for stating the relief sought, Mr. Davis wrote "For conduct report to be dropped to a C364 or C347." Dkt. 47-1, p. 3. Mr. Davis does not provide the disposition of this grievance. *Id.*

Mr. Davis does not further describe any attempts to appeal the grievance, but he generally asserts that he did, in fact, write to the facility head about the incident. He includes a letter to Mr. Brown, the Warden of WVCF, in which he described the June 16 incident, and asks that Warden Brown view and preserve video of the incident. Dkt. 47-1, p. 5. This letter is dated June 20, 2016, just four days after the incident, and nine days before the informal grievance form was signed. *Id.* Also submitted is a letter Mr. Davis wrote to IDOC Internal Affairs. It is also dated

4

June 20, 2016, and mirrors the letter sent to Warden Brown. In this latter Mr. Davis also asks that video of the incident be preserved. Dkt. 47-1, p. 6. An Internal Affairs investigator wrote back to Mr. Davis on June 22, 2016, informing him that the video had been preserved. Dkt. 47-1, p. 7.

In reply, defendants assert that the documents provided by Mr. Davis were not included in the IDOC's grievance system (nor discussed in their motion for summary judgment, nor discussed in Ms. Littlejohn's affidavit) because they were never properly filed. Dkt. 50. Defendants then provide their own copies of these documents to demonstrate that Mr. Davis attempted to file a formal grievance after his informal grievance had been denied, but that the formal grievance was returned to him. Dkt. 49-4, p. 1. A "Return of Grievance" form dated July 21, 2016, concerning the formal grievance filed the day before, reflects the grievance was returned because "[r]equested relief not authorized through the grievance process." *Id.* As noted above, Mr. Davis had asked for a conduct report to be changed to a lower charge. Defendants assert again that these grievance efforts do not satisfy the exhaustion of administrative remedies requirements of the PLRA.

In his surreply, Mr. Davis asserts that because his grievance appeal was returned to him because it sought relief not permitted in the grievance system, he has exhausted his administrative remedies. Dkt. 54, p. 2, ¶ 6. However, the return form contains this statement at the bottom: "If you choose to correct the problem(s) listed above, you must do so and re-submit this form within 5 working days." There is no evidence that Mr. Davis re-submitted the form at any time.

### III. Discussion

Defendants maintain that the evidence shows that Mr. Davis did not complete the three-stage process necessary to exhaust his administrative remedies and thus his claim is barred under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

The PLRA requires exhaustion only of remedies that are available. *Ross. v. Blake*, 136 S. Ct. 1850, 1859-60 (2016); *King*, 781 F.3d at 893. "Prison officials may not take unfair advantage of the exhaustion requirement," and if they do, their conduct can make the remedy process "unavailable." *Dole*, 438 F.3d at 809. "Administrative remedies are primarily 'unavailable' to prisoners where 'affirmative misconduct' prevents prisoners from pursuing administrative remedies." *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016).

Nothing in the record suggests the grievance system was unavailable to Mr. Davis. He completed an informal grievance and started the formal grievance process. When the formal grievance, the second step in the three-step grievance process, was returned to him because he was apparently seeking relief unavailable in the grievance process, he had five working days to correct the error and re-submit the grievance. He did not. There is nothing to suggest that defendants prevented Mr. Davis from doing so. Mr. Davis failed to exhaust his administrative remedies at this point in the grievance process.

Additionally, the record is clear that Mr. Davis did not attempt an appeal to the final reviewing authority – the third step in the grievance process. Mr. Davis does not suggest that he attempted to do so, and defendants' evidence is that he did not. Mr. Davis's letters to the Warden and to Internal Affairs requesting that the video of the incident be preserved, if they are submitted in an attempt to demonstrate exhaustion, are not substitutes for a proper third and final appeal to the IDOC's final reviewing authority. The Seventh Circuit has made clear that the "exhaustion requirement is strict. A prisoner must comply with the specific procedures and deadlines established by the prison's policy." *King*, 781 F.3d at 893.

"[E]xhaustion must precede litigation." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *see* 42 U.S.C. § 1997e (a) ("No action shall be brought with respect to prison

conditions. . . until such administrative remedies as are available are exhausted."). Defendants have shown that no reasonable fact finder could conclude that Mr. Davis satisfied the exhaustion requirement of the PLRA prior to bringing this action.

### IV. Motion for Clarification

Mr. Davis's December 7, 2017, motion for clarification is another brief on his arguments. He contends that Grievance Specialist Littlejohn's affidavit submitted to support summary judgment contains errors, omissions, and falsehoods, and should be disregarded by the Court. The Court considered the alleged deficiencies in the affidavit and respondent's counter-arguments. *See* dkts. 49 & 50. None of these arguments address the undisputed fact that the administrative grievance procedure was not completed. The third and final grievance step, an appeal to the IDOC final reviewing authority, was never attempted, and there is no suggestion that this step was unavailable to Mr. Davis. *See Ross*, 136 S. Ct. at 1859-60. Ms. Littlejohn's failure to mention in her affidavit that Mr. Davis had indeed started the second step of the grievance process, but had his grievance appeal returned to him, does not change the fact that the grievance process was available but not completed. The motion, dkt. [73], is **granted** only insofar as the Court considered the arguments made in addressing the issues in this action.

### V. Conclusion

For the reasons explained above, defendants Sgt. L. Myers, Todd Goff, Nathan Dugger, and Kenneth Blackman's motion for summary judgment, dkt. [33], is **granted**. This action is **dismissed without prejudice** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/4/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Samuel Davis
962441
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, In 47362

Electronically Registered Counsel